## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACOB P. PITTS, M32985, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-1679-DWD |
| | ) | |
| LATOYA HUGHES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff's Motion to Voluntarily Withdraw this Lawsuit (Doc. 9) is **GRANTED**. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment. Here, no defendant has appeared, answered, or filed any other motion, so the case is eligible for dismissal without further court action. However, the Court notes that Plaintiff's dismissal is significant because she explicitly indicates a desire to judge-shop in the last sentence of the motion.

In the Court's July 19, 2024, Order, the Court indicated in footnote 1 that it would "refer to [Plaintiff] with traditionally feminine pronouns," because Plaintiff "presently identifies as a 'black, Jewish, transgender woman.'" (Doc. 7 at 1 n.1). Plaintiff now contends that this language demonstrates animus or bias against her. As such, in the last sentence of her motion Plaintiff explicitly states, "[g]iven the opportunity what Plaintiff

wouldn't voluntarily withdraw and refile, affording them the opportunity for new judge assignment, i.e. what transgender Plaintiff?" (Doc. 9 at 1).

Judge shopping is a practice that will not be tolerated in this Court and can be a basis for sanctions. *See e.g.*, *Agrawal v. Briley*, 2008 WL 4449862 at *2 (N.D. Ill. 2008) ("As the Seventh Circuit has explained, it is improper for a litigant 'to create the ground on which he seeks the recusal of the judge assigned to his case. That is arrant judge-shopping."); *In re Mann*, 229 F.3d 657, 658-69 (7th Cir. 2000) ("Judge shopping is not a practice that should be encouraged," and such unprofessional behavior may warrant sanctions); *Crenshaw v. Dywan*, 34 F.Supp.2d 707 (N.D. Ind. 1999) (reserving the right to sanction a litigant for attempted judge shopping).

## Disposition

Accordingly, Plaintiff's Motion to Voluntarily Dismiss this Lawsuit (Doc. 9) is **GRANTED** because a voluntary dismissal at this stage of the litigation does not require Court action.

**IT IS SO ORDERED.**

Dated: August 7, 2024

_____
DAVID W. DUGAN
United States District Judge